IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANDRE WINSTON, #N-73132, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   CASE NO. 11-cv-1061-JPG |
| | ) |
| RANDY DAVIS, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

**GILBERT, District Judge:**

Plaintiff Andre Winston, an inmate in Pinckneyville Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff is nearing the end of his thirty-seven year sentence for aggravated criminal sexual assault, armed robbery, and armed violence. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief

can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a pro se complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the complaint and supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A and shall dismiss this action.

**The Complaint**

Plaintiff filed his original complaint on December 2, 2011 (Doc. 1), invoking 42 U.S.C. § 1983, and challenging the revocation of good conduct credits following three disciplinary reports issued to him, on March 27, March 30, and May 24, 1990. Each of these reports was issued for Plaintiff's failure to attend his assigned educational classes. Plaintiff claims that prior to the issuance of these three reports, he had been placed in administrative segregation for six months. Because he was in segregation, he argues that he could no longer be required to attend the classes, and the disciplinary tickets should not have been issued (Doc. 1, p. 2).

On January 24, 2012, Plaintiff filed a motion for leave to file an amended complaint

(Doc. 9) and tendered his proposed amended complaint. The amended complaint, which has not been accepted for filing, is titled: "Amended complaint - alternate claim for habeas corpus." In it, Plaintiff requests the Court to order a speedier release or to correct his projected release date by restoring the 45 days of good conduct credit which were revoked in 1990.

**Discussion**

Initially, Plaintiff's motion to amend his complaint shall be denied, for the reasons to follow. However, even if the motion were granted, it would not change the outcome of this action.

It appears from the proposed amended complaint that Plaintiff wishes to add a claim for habeas corpus relief to his existing action for relief under § 1983. This he cannot do. While a plaintiff may amend a complaint once as a matter of right under Federal Rule of Civil Procedure 15(a)(1), the Court will not accept piecemeal amendments to a complaint. An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.,* 354 F.3d 632, 638 n.1 (7th Cir. 2004). *See also Massey v. Helman,* 196 F.3d 727, 735 (7th Cir. 1999) ("[W]hen a plaintiff files an amended complaint, the new complaint supersedes all previous complaints and controls the case from that point forward…a plaintiff's new complaint wipes away prior pleadings"); *Kelley v. Crosfield Catalysts,* 135 F.3d 1202, 1204 (7th Cir. 1998) ("It is well-established that an amended pleading supersedes the original pleading; facts not incorporated into the amended pleading are considered *functus officio.*").

Thus, a plaintiff cannot use an amended complaint to tack on a new or alternate claim for relief to the original complaint. Instead, he must re-plead both the original claim and any new or

alternative claim in his proposed amended complaint. Because Plaintiff's proposed amended complaint seeks to add an alternate habeas claim to his previously filed § 1983 complaint, the motion to amend shall be denied.

As to the merits of Plaintiff's claim that his good conduct credits were improperly revoked, a loss of good conduct credit does implicate a Fourteenth Amendment liberty interest because such a loss potentially affects the length of Plaintiff's sentence. *See Wolff v. McDonnell*, 418 U.S. 539, 557 (1974). However, a prisoner cannot seek damages for the loss of good conduct credits, or the restoration of his good time, in a § 1983 action. *Heck v. Humphrey*, 512 U.S. 477, 483 (1994) ("Even a prisoner who has fully exhausted available state remedies has no cause of action under § 1983 unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus."). The *Heck* bar extends to claims under 42 U.S.C. § 1983 that "necessarily imply the invalidity of the deprivation of [a prisoner's] good-time credits." *Edwards v. Balisok,* 520 U.S. 641, 646 (1997).

Habeas corpus is the exclusive method for challenging the revocation of good time credits, because "good-time credits reduce the length of imprisonment, and habeas corpus is available to challenge the duration as well as the fact of custody." *Waletzki v. Keohane,* 13 F.3d 1079, 1080 (7th Cir. 1994) (citing *Preiser v. Rodriguez,* 411 U.S. 475, 490, 500 (1973)). *See also Graham v. Broglin*, 922 F.2d 379, 381 (7th Cir. 1991) (habeas corpus is the proper remedy when prisoner seeks a "quantum change in the level of custody" such as outright freedom or parole). However, a federal habeas petition may only be commenced after Plaintiff has exhausted his remedies through the Illinois state courts. *See, e.g., Heck*, 512 U.S. at 480-81. Under this rule, even if Plaintiff's proposed amended complaint seeking habeas relief were to be

filed, it would then have to be dismissed for failure to exhaust state court remedies.

Turning again to the operative complaint (Doc. 1), "[i]f a prisoner who should have asked for habeas corpus misconceives his remedy, brings a civil rights suit, and fails to exhaust his state remedies, his suit must be dismissed." *Graham*, 922 F.2d at 381-82.  This is Plaintiff's situation – although he filed institutional grievances, there is no indication in his complaint that he has ever initiated any action in the Illinois courts to seek restoration of his good conduct credits. Because such an action, and subsequent exhaustion, is a pre-requisite for filing a federal habeas petition, this case shall be dismissed so that Plaintiff may file an appropriate action in state court. Nothing in this order shall be construed as an opinion as to the merits of Plaintiff's claim.

The Illinois courts have recognized mandamus as an appropriate remedy to compel prison officials to award sentence credit to a prisoner.  *See Turner-El v. West,* 811 N.E.2d 728, 733 (Ill. App. 2004) (citing *Taylor v. Franzen*, 417 N.E.2d 242, 247, *aff'd on reh'g*, 420 N.E.2d 1203 (Ill. App. 1981)).  The State of Illinois must first be afforded an opportunity, in a mandamus action pursuant to 735 ILL. COMP. STAT. 5/14-101 *et seq*., to consider the merits of Plaintiff's claim. Accordingly, Plaintiff's claim for restoration of his good conduct credit is dismissed without prejudice to Plaintiff bringing this claim in a properly filed habeas corpus action, ***but only after he has exhausted his state court remedies***.

**Pending Motions**

The motion for leave to file an amended complaint (Doc. 9) is **DENIED.**

**Disposition**

**IT IS HEREBY ORDERED** that this action is **DISMISSED without prejudice**.  This dismissal shall not count as one of Plaintiff's three allotted "strikes" under the provisions of 28

U.S.C. § 1915(g).

Plaintiff is advised that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

The Clerk shall **CLOSE THIS CASE**.

**IT IS SO ORDERED.**

**DATED:   February 9, 2012**

                                              *s/J. Phil Gilbert*
                                            **United States District Judge**